### McSWEEN v. McCOWN.

1. In action assailing a deed as fraudulent, the answer denied that the deed was without consideration, and made no reference to any other deed, but it appeared in evidence that the deed described in the complaint was executed in the place of another and prior deed that had been burnt. *Held*, that the Circuit Judge properly refused to rule that, at the date of the deed assailed, the defendants owned the right, title, and interest in the land under a conveyance not impeached in this action.

2. It was not error in the Circuit Judge to refuse at the trial to permit an amendment of the answer alleging matters of fact which he did not think had been proved.

3. The question being whether a deed was fraudulent or not, the declarations of the grantee, now deceased, made in his own favor subsequent to his deed, cannot be regarded as a part of the *res gestæ*.

4. Where a party in 1868 took a conveyance of land in his own name for the purpose of defeating a creditor of the grantor, and with a secret trust for the use of the grantor, and afterwards died intestate, action to vacate this deed instituted in 1882, by a subsequent creditor, who had obtained his judgment in 1880, and who alleged and proved his ignorance of the fraud until within six years preceding the commencement of this action, was not barred by the statute of limitations.

5. And the defendants having gone into possession, claiming the land as heirs of their ancestor, they were bound by the secret trust attached to their ancestor's deed, and could not now assert a claim to have held by adverse possession.

6. This deed having been executed and received with a fraudulent purpose, and coupled with a secret trust for the grantor, it could not be validated by subsequent payment for the land by the grantee to the grantor.

7. A finding of fact by the Circuit Judge from written testimony reported to him—that a deed was executed for the purpose of defeating creditors—approved.

Before WITHERSPOON, J., Darlington, October, 1884.

The plaintiff, John McSween, having obtained judgment on March 22, 1880, against Samuel O. McCown, upon a sealed note bearing date June 3, 1875, and an execution thereon being returned wholly unsatisfied, commenced this action April 27, 1882, against Samuel O. McCown, and the widow and children of Reese A. McCown, deceased. The opinion sufficiently states the case. The Circuit decree (omitting its statement) was as follows:

As fraud will never be presumed, the burden of proof rests upon the plaintiff, who must sustain the allegations of fraud by satisfactory proofs. Frauds are committed in secret, and are usually hedged in and surrounded by safeguards to prevent discovery. It is, therefore, usually established by circumstantial evidence. A wide latitude of evidence is allowed that fraud may be detected and exposed. It is incumbent upon the plaintiff to prove, not only that Samuel O. McCown conveyed the land in dispute to hinder, delay, and defraud his creditors, but, also, that Reese A. McCown, the grantee, had notice of the fraudulent intention and participated in it.

The material question is as to the intent of the parties at the time of the execution of the deed, May 2, 1868. If at that time a wrong was intended as to rights of creditors, the fraud is positive and attaches to the act at that moment. *Suber* v. *Chandler*, 18 *S. C.*, 529. The intent is to be determined by the words and acts of the parties, considered in connection with the attending circumstances. The alleged fraudulent transactions took

place between two brothers, one of whom (the grantee) is now dead. The survivor (the grantor) now volunteers to expose the fraud for the benefit of his creditors, whom he confesses he and his deceased brother intended to defraud in executing the deed sought to be declared void. The testimony is conflicting, and as the witnesses have not appeared before me, I can only endeavor to reach that conclusion that appears to me to be sustained by the testimony.

       \*            \*            \*            \*

At the hearing, the defendants, Carrie B. McCown and her minor children, asked leave to amend their answer by alleging that Samuel O. McCown bought the land in dispute from John A. Gee, for Reese A. McCown, who in good faith paid Samuel O. McCown for the land. This proposed amendment is probably based upon the declaration of Reese A. McCown to his wife, Carrie B. McCown, and others, as well as payments made by W. K. Ryan, of Charleston, to Samuel O. McCown for Reese A. McCown.

The general rule is that declarations forming a part of the *res gestæ* are admissible. The plaintiff is entitled to introduce the declarations of Reese A. McCown against his interest made at any time, but this rule would be of little avail, if defendants were allowed to introduce other counter-declarations made in his favor at other and different times. Defendants are entitled to all of the declarations made at the time to which plaintiff's testimony refers, but the rule cannot in this case be further extended. *Edwards* v. *Ford*, 2 *Bail.*, 464. Declarations to show the character of possession is an exception to the rule above stated, but this exception does not apply in this case, as defendants claim the land by virtue of a deed through Samuel O. McCown, and do not rely upon adverse possession.

       \*            \*            \*            \*

The payments by Reese A. McCown through his factor Ryan to Samuel O. McCown do not appear to have exceeded the one-half of the net proceeds of cotton sold by Ryan. These payments, under the testimony, should be referred to the account of the joint cultivation of the land, rather than to the purchase of the land by Reese A. McCown. The facts that Samuel O. Mc-

Cown permitted Reese A. McCown to build on the land, and to collect insurance upon a house burnt on the disputed land, are urged as additional evidence that Reese A. McCown had paid for the land. Parties who attempt to perpetrate frauds often involve themselves in inconsistencies that cannot reasonably be accounted for. These matters occurred subsequently to the execution of the deed in dispute, and do not relieve the transaction in question of its fraudulent surroundings.

But assuming that Reese A. McCown did pay Samuel O. McCown full consideration for the land, yet the deed to the land in dispute is void as to creditors, if at the time the deed in question was executed Reese A. McCown accepted the deed for the purpose of hindering, delaying, and defeating the creditors of Samuel O. McCown. *Thomas & Ashby* v. *Jeter and Abney*, 1 *Hill*, 380; *Hipp* v. *Sawyer, Rich. Eq. Cas.*, 410.

I am satisfied from the testimony that all of the other transactions between Samuel O. McCown and Reese A. McCown, May 2, 1868, were entered into by Reese A. McCown, without consideration, with intent and for the purpose of hindering, delaying, and defrauding the creditors of Samuel O. McCown. It is quite probable that Samuel O. McCown and Reese A. McCown originally bargained with John A. Gee to purchase the land together. Samuel O. McCown, however, alone, gave his note and took title from Gee, and by the said deed, May 2, 1868, Reese A. McCown acknowledged that Samuel O. McCown had title from Gee. The testimony, in my judgment, is not sufficient to credit Reese A. McCown with good faith in the transaction in dispute, and to isolate this from the other contemporaneous fraudulent transactions between Samuel O. McCown and Reese A. McCown.

I am therefore constrained by the testimony to conclude that Reese A. McCown, through the influence of his elder brother, Samuel O. McCown, was induced to accept the deed in dispute, without consideration, and for the purpose of hindering, delaying, and defrauding the creditors of Samuel O. McCown.

Whilst the deed to the land in dispute must be held void as to creditors, yet it is good as between the parties. The defendants, heirs at law of Reese A. McCown, should therefore be allowed

to retain the land upon paying the costs of this action, and the debts hindered and delayed by the fraudulent deed, and upon their failure to pay the costs and said debts, the land should be sold and proceeds, after paying costs, should be applied to the payment of said debts—any surplus of said proceeds to be paid to the defendants, heirs at law of Reese A. McCown, according to their respective interests.

I find as matters of fact: 1. That the deed by Samuel O. Mc-Cown to Reese A. McCown, May 2, 1868, conveying two hundred acres of land in Darlington County, was without consideration, and was executed by Samuel O. McCown, and accepted by Reese A. McCown, with intent and for the purpose of hindering, delaying, and defrauding the creditors of Samuel O. McCown. 2. That plaintiff has an unsatisfied execution in the sheriff's office for Darlington County, against Samuel O. McCown for $381.46, lodged March 9, 1882, upon which the sheriff returned *nulla bona* April 8, 1882.

I conclude as matter of law: 1. That the deed from Samuel O. McCown to Reese A. McCown, May 2, 1868, conveying two hundred acres of land, more or less, in Darlington County, is void as to creditors of Samuel O. McCown. 2. That plaintiff's action is not barred by the statute of limitations.

It is therefore ordered and adjudged, that the deed of conveyance aforesaid from Samuel O. McCown to Reese A. McCown, as aforesaid, and referred to in plaintiff's complaint, be, and the same is hereby, declared to be void as to the creditors of Samuel O. McCown, &c.

*Messrs. Dargan & Dargan*, for appellants.

*Messrs. Boyd & Nettles* and *E. K. Dargan*, contra.

August 3, 1885.   The opinion of the court was delivered by

Mr. Justice McGowan.   On May 2, 1868, Samuel O. McCown, being then sued as surety for one Brown, on a large note to Singletary, conveyed his whole estate to his young unmarried brother, Reese A. McCown, consisting of four separate tracts of land, three in Williamsburg County, embracing some 1,396

acres, and one in Darlington County, containing 200 acres; and stock, provisions, and farming implements on said lands. At the same time Reese A. McCown executed a will, by which all of his property was bequeathed and devised for the benefit of the wife and children of S. O. McCown, who was appointed executor, with power to take "full and unlimited control and manage to the best of his ability for the interest of the parties concerned." These papers were all executed on the same day and before the same witnesses. Similar papers had been executed a short time before, but being accidentally destroyed by fire, they were all reëxecuted on the day indicated.

Reese A. McCown lived on the Darlington place (200 acres), and conducted a farm, under some arrangement, not very clearly defined, with Samuel O. McCown   Reese A. McCown married in 1869, carried his wife to the said Darlington place, which he improved, and died in 1876, leaving his widow, Carrie B., and three infant children, surviving him. This, of course, operated as a revocation of the will in favor of the wife and children of Samuel O. McCown, and Reese A. McCown really died intestate. Up to the time of the death of Reese there was controversy between him and Samuel O. as to the land.

On March 22, 1880, the plaintiff obtained a judgment against Samuel O. McCown for $382.46, and the execution thereon being returned unsatisfied, he commenced this action on April 27, 1882, in behalf of himself and other creditors, alleging that the deed of the Darlington place was made by S. O. McCown to evade the payment of his debts; that no consideration passed, and that the fraudulent purpose was known to R. A. McCown, and that he combined with and aided S. O. McCown in carrying it out. It was further alleged that the plaintiff had no knowledge of the fraud until within six years previous to the commencement of the action, and the prayer was that the said deed should be set aside, and the land sold for the payment of the debts of S. O. McCown. S. O. McCown interposed no defence, but the widow and children of Reese A. McCown answering, denied that R. A. McCown had combined with S. O. McCown to aid him in evading the payment of his debts, denied that the land was conveyed without consideration, and alleged that Reese A. pur-

chased and paid for the same in good faith. They further interposed the statute of limitations and adverse possession, alleging that Reese A. went into possession about the beginning of 1867, claiming the land as his own, and that he or his heirs had ever since been in the open, exclusive, and continuous possession thereof.

The testimony was taken by G. W. Brown, Esq., as special referee. There was much evidence, consisting of correspondence, factor accounts, and the testimony of witnesses, all of which is in the Brief. The cause came on for trial by Judge Witherspoon. At the hearing the appellants asked leave to amend their answer by alleging that the land in question "was purchased by S. O. McCown from one John A. Gee for his brother, Reese A. McCown, and by the said S. O. McCown sold to the said Reese A." In his decree the judge held that the testimony did not sustain the proposed amendment. The Circuit Judge held as follows: "I am satisfied from the testimony that all the other transactions between Samuel O. and Reese A. McCown in May, 1868, were entered into by Reese A. McCown without consideration, with the intent and for the purpose of hindering, delaying, and defrauding the creditors of S. O. McCown, * * * and the testimony, in my judgment, is not sufficient to credit Reese A. with good faith in the transaction in dispute, and to isolate this from the other contemporaneous fraudulent transactions between the parties. * * * I find as matter of fact that the deed from Samuel O. McCown to Reese A. McCown, May 2, 1868, conveying 200 acres of land in Darlington County, was without consideration, and was executed by Samuel O. McCown and accepted by Reese A. McCown, with the intent and for the purpose of hindering, delaying, and defrauding the creditors of Samuel O. McCown. * * * And I conclude as matter of law that said deed is void as to the creditors of S. O. McCown, and that the plaintiff's action is not barred by the statute of limitations," &c.

From this decree the widow and children of Reese A. McCown appealed upon the following grounds:

1. "Because his honor erred in refusing to allow, before the trial, the amendment to their pleadings proposed by the defend-

ants, Carrie B. McCown, Marion H. McCown, Harriet A. McCown, and Reese A. McCown.

2. "Because his honor erred in excluding the declarations of Reese A. McCown, a deceased person, in his own favor, made during his possession of the land in question, and tending to show the character of that possession.

3. "Because his honor erred as matter of fact, 'that the deed from Samuel O. McCown to Reese A. McCown of May 2, 1868, conveying two hundred acres of land in Darlington County, was without consideration, and was executed by S. O. McCown and accepted by Reese A. with the intent and for the purpose of hindering, delaying, and defrauding the creditors of Samuel O. McCown,' the overbearing weight of testimony adduced by the plaintiffs themselves being against such finding.

4. "Because his honor erred in concluding as matter of law, 'that the deed from S. O. McCown to R. A. McCown of May 2, 1868, conveying 200 acres of land in Darlington County, is void as to creditors of S. O. McCown.'

5. "Because his honor erred in concluding in effect, as matter of law, that the rights of the parties to this action are dependent upon the validity or invalidity of the deed bearing date May 2, 1868, and purporting to convey the land in question; whereas, it is respectfully submitted, he should have held that at the date of said paper, by a conveyance not impeached in this action, the said Reese owned the right, title, and interest of the said Samuel O. McCown in said land.

6. "Because his honor erred in concluding in effect, as matter of law, that the defendants, Carrie B., Marion H., Harriet A., and Reese A. McCown, had not acquired title to the land by adverse possession," &c.

I. As we understand it, the proceedings were aimed at the transaction by which Samuel O. McCown conveyed the Darlington land to Reese A. McCown. The papers executed on May 2, 1868, were only the evidence of that transaction, substituted by the parties themselves for similar papers before executed for the very same purpose and accidentally consumed by fire. The appellants in their answer made no reference to any other deed than that executed on May 2, 1868, and recorded on May 22,

1876, and they deny "that no consideration was paid by the said Reese A. McCown for the purchase of the land conveyed to him by the deed referred to in the complaint." The parties themselves substituted the deed of May 2, 1868; upon that as the evidence of the transaction they made their defence, and we cannot say that the judge "should have held that at the date of said paper, by a conveyance not impeached in this action, the said Reese owned the right, title, and interest of the said Samuel O. McCown in said land."

II. As to the refusal of the motion for leave to amend the answer of appellants. It seems that the motion was made at the trial. The testimony had been taken and the amendment proposed must, therefore, have been for the purpose of conforming the pleadings to the facts proved. No evidence upon the point indicated had been excluded for lack of the proposed amendment. The judge thought the special fact proposed to be alleged was not proved. The amendment would have added nothing whatever to the case of appellants. If made, it would have been only a pleading and not evidence, and could not have affected the result. Amendments are largely in the discretion of the Circuit Judge. *Trumbo* v. *Finley*, 18 *S. C.*, 305.

III. As to the exception which complains that the Circuit Judge excluded the declarations of Reese A. McCown in his own favor during his life-time, while he was in possession of the land, and, as alleged, tending to show the character of that possession. The general rule is, that declarations of a party against himself, but not for himself, are admissible, unless they were made at the time of other declarations proved against him. The party has the right to bring out all that was then said. In regard to the question of fraud or no fraud in the original transaction between S. O. and Reese A. McCown, the subsequent declarations of the latter, the grantee, in his own favor, could not possibly be regarded as a part of the *res gestæ*. The declarations of one in possession of land cannot be admitted for the purpose of proving title in himself, or those claiming under him. As was said in the case of *Wardlaw* v. *Hammond*, "had the declarant been living and on the stand, his answer to the questions propounded would not have been competent; how, then, is

it that the declarant, because in possession, becomes a privileged witness?" 9 *Rich.*, 463. But there are circumstances in which the declarations of a party in possession may explain the manner of his holding as to tenancy and possession, whether adverse or not, but not as to title, "as where a man's title is to depend on his acts." *Hall* v. *Jones,* 3 *McCord,* 223.

IV. As to the statute of limitations. The plaintiff recovered judgment against Samuel O. McCown on March 22, 1880, and he alleged and proved that he had no knowledge of the fraud charged until within six years previous to the commencement of the action. *Suber* v. *Chandler,* 18 *S. C.,* 526. As to adverse possession, the appellants claimed the land under the deed from Samuel O. McCown, and they must stand or fall upon that. When that failed them, we do not see how the discovery of the truth can have relation back so as to change the whole character of the possession. Reese A. McCown was put in possession by S. O. McCown under a secret trust, and therefore he could not plead adverse possession as against Samuel O. Mrs. McCown entered into possession with her husband, and must be considered to have done so on the terms and conditions on which he received it. "When there is no new entry, but the heir is in of his ancestor's possession, the possession of the heir is that of the ancestor." *Reeder & Davis* v. *Dargan,* 15 *S. C.,* 182; *Blackwell* v. *Ryan,* 21 *S. C.,* 123. "The question of adverse possession is inseparably connected with that of the statute of limitations, because, if there were no statute limiting the right of entry upon or of bringing the action for the recovery of real property, there would never be a necessity for scrutinizing the possession to learn whether such possession be adverse or not. Possession in law, to be sure, is *prima facie* evidence of legal title; but if it actually appears that the title to the property is in a person out of possession, except for the statute of limitations, the possession of such property would avail nothing." *Tyler Eject.,* 851.

V. This brings us to the main question in the case, viz., whether the Circuit Judge committed error in his finding of fact that the deed of S. O. McCown to Reese A. McCown, conveying the Darlington tract of land in 1868, was fraudulent as against

the creditors of Samuel O. McCown. · In behalf of the widow and children of Reese A. McCown, it was most earnestly urged upon us that the finding of the judge below was not in accord with the intrinsic probabilities of the case, and against the overbearing weight of the testimony. The presumption is in favor of the correctness of the conclusions of the Circuit Judge, and the clear result of undisputed testimony must point to a different conclusion before it will be disturbed on appeal.

As is usual in such cases there was a volume of testimony more or less pertinent. We have read it all carefully, but we cannot, of course, discuss it in detail. Only one of the witnesses to the original transaction in 1868 was examined, Samuel O. McCown, himself, who testified positively as follows: "Was in debt at the time of execution of deed, was pressed on debt of Sarah Singletary, security debt; was being sued and Brown, the principal, was also sued. No money was paid as consideration for deed; made deed because Brown had made over his property to my brother Morgan, to evade debt. Brown was my brother-in-law. I made over my property to my brother Reese to avoid paying this security debt   Not the only deed I made to Reese. Perhaps a month previous I had made deed of same land; that deed was burned in Reese's dwelling, so he said; deed made for same purposes. I protected myself by Reese making a will. He was to hold property for me; will provided that on death of Reese, property was to go to my wife and children. (Produced the will.) It was the agreement to deposit the papers with mother for safe keeping  *  *  *. Reese came out of the war with nothing, and I desired to help him and put him on place. I supplied part of stock and he part, and crop was equally divided after expenses were paid. This was arrangement 1866–7–8, and continued after execution of papers. Was never any other arrangement between us about the land, and it was continued until his death," &c.

The character of this witness was assailed, but we do not think with entire success. Some witnesses swore that they would not believe him on oath, but a greater number said that they would— that he was somewhat "gassy," "fond of witty sayings, and talks wildly and loosely on indifferent matters, such as crops, &c., but

when it comes to material things worthy of belief," &c. It seems to us that the testimony of Samuel O. McCown was corroborated by many of the circumstances. He was sued on the Singletary debt as stated; the will referred to as executed by Reese was produced. It was not probable that Reese, a young man just out of the war, was able at the time to pay for the land. But beyond all this, it did appear that on the very day the Darlington land was conveyed, Samuel O. McCown was engaged in the business of covering himself from his creditors, and actually transferred to the said Reese A., three other tracts of land in Williamsburg County, and all the stock, plantation tools, &c., thereon. It is admitted that all these other conveyances were fraudulent and void as made to evade the payment of the donor's debts. Under these circumstances, the object plainly being to put all his property out of the reach of his creditors, and the deed of the Darlington land being found in such bad company, it seems to us that it would require very strong proof, stronger than the case affords, to make this particular deed an exception, when all the other three were fraudulent and void. We cannot say that the finding of the Circuit Judge was unsustained by the evidence.

It is unnecessary to go into the controversy whether Reese A. ever subsequently paid for the land out of his part of the profits of the partnership in farming. Even if that were so, which we think was not made to appear, it could not alter the character of the original transaction, as made to delay and defraud the creditors of Samuel O. McCown. "A judgment confessed for the purpose of defeating other creditors, is fraudulent and void as to them, although based upon a valuable consideration." *Beattie* v. *Pool*, 13 *S. C.*, 379.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.